⚑ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**21-A-2903**

AUG 13, 2021 10:25 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

CHANDRA JACKMAN and

STARKIM JACKMAN

          Plaintiffs,

v.

ANDY DELGADO DE LEON, WERNER

ENTERPRISES, INC., JOHN DOES 1-6, and

XYZ CORPORATIONS 1-6,

          Defendants.

Delgado De Leon, Ardy
2020661250
4-23-20
LM Attn MP

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Chandra Jackman (hereinafter Plaintiff Chandra), and Starkim Jackman
(hereinafter Plaintiff Starkim), collectively hereinafter "Plaintiffs," in the above styled action, by
and through counsel, and makes and files this their Complaint against Defendants Andy Delgado
De Leon (hereinafter "Defendant Andy"), Defendant Werner Enterprises Inc. (hereinafter
"Defendant Werner"), Defendant John Does 1-6 (hereinafter "Defendant John Does 1-6"), and
XYZ Corporations 1-6 (hereinafter "Defendant XYZ Corporations 1-6"), collectively hereinafter
"Defendants," and shows this Honorable Court as follows:

AUG 30 2021 SLW
accepted pursonal 8-30-2021
service at the front desk
8W 8-30-21

**EXHIBIT A**
- 1 -

## PARTIES AND JURISDICTION

1.

Plaintiff Chandra resides at 4291 Sir Dixon Drive, Fairburn, GA, 30213, Fulton County, GA, and is subject to the jurisdiction of this court.

2.

Plaintiff Starkim resides at 4291 Sir Dixon Drive, Fairburn, GA, 30213, Fulton County, GA, and is subject to the jurisdiction of this court.

3.

Defendant Andy resides at 2007 Shannon Lakes Court, Kissimmee, Florida 34743-3650, Osceola County, Florida, and may be served with a copy of the summons and complaint at this address.

4.

Defendant Werner is a domestic corporation existing under the laws of Nebraska with its principal place of business in Nebraska and may be served through its registered agent Nathan Meisgeier at 14507 Frontier Road, Omaha, NE 68138 and is subject to the jurisdiction of this court.

5.

Defendant John Does 1-6 are persons whose true identities are unknown to Plaintiffs at this time, who together with the above-named Defendants, contributed to causing Plaintiffs' injuries and damages. Plaintiffs will amend their Complaint when the true names of Defendant John Does 1-6 become known.

6.

Defendant XYZ Corporations 1-6 are entities whose true identities are unknown to Plaintiffs at this time, who together with the above-named Defendants, contributed to causing Plaintiffs' injuries and damages. Plaintiffs will amend their Complaint when the true names of Defendant XYZ Corporations 1-6 become known.

7.

At all material and relevant times, each Defendant includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

8.

At all material and relevant times, each Defendant was the agent and employee of every other Defendant regarding the events described herein and was at all times acting within the purpose, course, and scope of such agency and employment and are vicariously liable under the theory of respondent superior for the actions and inactions of their employees and contractors.

9.

Each Defendant is subject to the jurisdiction of this Court.

10.

Venue is proper in this Court as to each Defendant.

11.

Subject matter jurisdiction is proper in this Court as to each Defendant.

12.

EXHIBIT A

Plaintiff reserves the right to identify and add any individuals and/or corporations in joint venture with Defendants through discovery.

## BACKGROUND

### 13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

### 14.

On or about April 23, 2020, Plaintiff Chandra was lawfully stopped at an exit gate behind Defendant Andy's tractor trailer.

### 15.

Defendant Andy's tractor trailer was stopped immediately in front of Plaintiff Chandra's vehicle.

### 16.

On this same date and time, Defendant Andy was operating his tractor-trailer on behalf of Defendant Werner.

### 17.

Defendant Andy failed to check for clearance as he improperly and negligenlty, backed his tractor trailer into Plaintiff Chandra's vehicle, violently striking Plaintiff Chandra's vehicle in the front end, causing disabling damage.

### 18.

Plaintiff Chandra's vehicle underwent significant impact.

### 19.

Plaintiff Chandra's vehicle had to be towed from the scene.

20.

As a result of the collision, Plaintiff Chandra suffered severe and permanent injuries.

21.

Defendants' negligence, jointly and severally, caused of Plaintiffs' injuries.

## COUNT 1

## NEGLIGENCE

22.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant Andy was negligent in the following manner:

(a) Improperly backing his tractor trailer;

(b) Illegally backing is tractor trailer and driving in reverse; and

(c) Violently striking Plaintiff Chandra's vehicle in the front end, causing disabling damage.

24.

Defendant Andy was negligent in failing to maintain a proper lookout for Plaintiff Chandra's vehicle and colliding with Plaintiff Chandra's vehicle.

25.

Defendant Andy's negligence is the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT 2

## IMPUTED LIABILITY

### 26.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

### 27.

At the time of the subject collision, Defendant Andy was under dispatch for Defendant Werner.

### 28.

At the time of the subject collision, Defendant Andy was operating his vehicle on behalf of Defendant Werner.

### 29.

Defendant Werner is an intrastate and/or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Andy in regard to the collision described in this Complaint under the doctrines of lease liability, respondeant superior, vicarious liability, lease liability, agency (actual, apparent and/or implied).

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

### 31.

EXHIBIT A

Defendant Werner was negligent in hiring defendant Andy and entrusting him to drive a tractor-trailer.

32.

Defendant Werner was negligent in failing to properly train Defendant Andy.

33.

Defendant Werner was negligent in failing to properly supervise Defendant Andy.

34.

Defendant Werner's negligence in hiring Defendant Andy, entrusting Defendant Andy with driving a commercial vehicle and failing to train and supervise Defendant Andy properly was a proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT 4

## DIRECT ACTION

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

36.

Defendant Werner is subject to a direct action pursuant to O.C.G.A. § 40-1-112 and or its predecessor O.C.G.A. § 40-2-140.

37.

Defendant Werner is self-insured and is subject to a direct action as the insurer for Werner Enterprises, Inc. (herein named as Defendant Werner) pursuant to § 40-1-112 and/or its predecessor O.C.G.A. §40-2-140.

38.

Defendant Werner Enterprises, Inc. (herein named as Defendant Werner) was the insurer of Defendant Werner, at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and/or interstate transportation.

39.

Defendant Werner is subject to the filing requirements outlined in § 40-1-112 and/or its predecessor O.C.G.A. §40-2-140.

40.

Defendant Werner is responsible for any judgment rendered against Defendant Werner Enterprises, Inc., (herein named as Defendant Werner) and Defendant Andy up to its policy limits of coverage.

## COUNT 5

## DAMAGES

41.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 40 above as if fully restated.

42.

EXHIBIT A

As a result of Defendants' negligence, Plaintiff Chandra suffered severe injury to her head, neck, shoulder and back.

43.

As a result of Defendants' negligence, Plaintiff Chandra has incurred past medical expenses, present medical expenses, and will continue to incur future medical expenses.

44.

As a direct and proximate result of the injuries sustained in the subject collision cause by the negligence of Defendants', jointly and severally, Plaintiff Chandra has incurred substantial medical fees. Plaintiff will amend this paragraph upon completion of treatment to confirm damages.

45.

Defendants' negligence is the sole and proximate cause of Plaintiff Chandra's injuries.


## COUNT 6

## PUNITIVE DAMAGES

46.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 45 above as if fully restated.

47.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

## COUNT 7

### LOSS OF CONSORTIUM

48.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 47 above as if fully restated.

49.

At all times relevant hereto, Plaintiff Chandra was the lawful wife of Plaintiff Starkim.

50.

At all times relevant hereto, Plaintiff Starkim was the lawful husband of Plaintiff Chandra.

51.

As a direct result of the negligence of the Defendants, and the injuries sustained by Plaintiff Chandra, Plaintiff Starkim has been deprived of the companionship, advice, counsel, support, and consortium of Plaintiff Chandra, entitling him to damages therefrom.

### JURY DEMAND

52.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 51 above as if fully restated.

53.

**TRIAL BY JURY DEMANDED ON ALL ISSUES SO TRIABLE AND ON ALL COUNTS.**

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendants' as follows:

a.  That Summons issue requiring the above-named Defendants to answer each allegation of this Complaint within the time provided by law.

b.  That Plaintiffs have judgment against each Defendant in such an amount to compensate Plaintiffs for Plaintiffs' past, present, and future injuries, and damages resulting from the subject incident;

c.  That Plaintiffs recover the full value of past, present, and future medical expenses, special damages, and past, present, and future lost wages in an amount to be proven at trial;

d.  That Plaintiffs recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

e.  That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

f.  That Plaintiffs be awarded attorney fees and expenses of litigation;

g.  That all costs be cast against Defendants;

h.  That all issues so triable be tried before a jury; and

i.  That Plaintiffs recover any such other and further relief as is Honorable Court deems just and proper.

*Signature on following page*

This 13th day of August, 2021.

Respectfully submitted,

BY:   **THE TAYLOR LAW FIRM, LLC**

/s/ Aura H. Taylor

**Aura H. Taylor, Esq.**

Georgia Bar No: 405888

367 Riverside Parkway

Suite 107

Austell, Georgia 30168

Tel: (404) 937-3348

Fax: (770) 727-0179

aura@thetaylorlawfirmatl.com

*Attorney for Plaintiffs*

BY:   **BRODERICK LAW GROUP, P.C.**

/s/ Jonathan Broderick

**Jonathan Broderick, Esq.**

Georgia Bar No: 351459

5950 Live Oak Parkway

Suite 370

Norcross, Georgia 30093

Tel: (404) 981-9935

Fax: (404) 793-0376

jonathan@blginjurylaw.com

*Attorney for Plaintiffs*